## AMERICAN BONDING & TRUST CO. v. CLARK.

No. 8161—Opinion Filed June 6, 1917.

Rehearing Denied July 31, 1917.

(166 Pac. 889.)

### Guardians—Bonds—Liability of Surety.

Same as 1 and 2 in case No. 8160, American Bonding & Trust Company v. Arthur Coons, 66 Okla. 34, 166 Pac. 887.

(Syllabus by Hooker, C.)

Error from District Court, Pawnee County; Conn Linn, Judge.

Action by E. M. Clark, administrator of the estate of Walter O. Hunt, deceased, against the American Bonding & Trust Company. There was a judgment for plaintiff, and defendant brings error. Affirmed.

D. H. Wilson, for plaintiff in error.

Clark & Armstrong, for defendant in error.

Opinion by HOOKER, C. Robert Chasteen was appointed guardian of one Walter O. Hunt by order of the probate court of Pawnee county, and on the 15th day of May, 1902, executed a bond as such with the American Bonding & Trust Company as his surety, which bond was duly approved on May 22, 1902. On the 26th day of June, 1906, the said Chasteen, as guardian aforesaid, by direction of the probate court of said county executed another bond in the sum of $2,000 with the Columbia Bank & Trust Company as his surety, which bond was duly approved on that date, and thereafter on the 1st day of June, 1908, the said Chasteen, as guardian aforesaid, executed another bond in the sum of $1,600 with the Southern Surety Company as his surety which bond was duly approved on said date. On the 19th day of December, 1913, the judge of the county court of Pawnee county made a settlement of the accounts of said guardian and judicially determined that on that date the said Chasteen, as guardian, was chargeable with $1,741.83, and directed the guardian to pay the same to the administrator of the said ward, which the guardian failed and refused to do.

In the petition here the execution and approval of these bonds are alleged, as well as the final settlement made with the guardian as stated, and also a failure upon the part of the guardian to pay over said money to the administrator of the estate of said ward as directed and ordered to do by the county court aforesaid. The answer of the American Bonding & Trust Company in this

action admits the execution of said bond, but seeks to be relieved from liability by virtue of an order of release and discharge made by the probate court of Pawnee county on the 30th day of June, 1906, and in support thereof it is claimed that it, as the surety of said Chasteen upon said bond, complied with the provision of the statute in such cases made and provided, and that on the 3rd day of June, 1906, the probate court aforesaid did enter an order in said guardianship proceeding releasing and discharging it from future liability by virtue of its suretyship upon the bond of the said Chasteen as guardian of said ward. The reply puts this in issue. And upon the trial of this cause it was stipulated that the administrator had received the sum of $1,600 and interest from the Southern Surety Company, and thereupon the defendant in error introduced in evidence the reports filed by the guardian in 1906, 1907, and 1908, and rested his case.

The annual reports filed by the guardian are not incorporated in the case-made here, but there are embraced the annual reports made by the guardian of Harry Coons, Jr., which have no application to the case here. Likewise, the petition filed by the American Bonding & Trust Company, and the order of discharge or release upon which it relied to relieve it from liability, are not made a part of this record; but the petition filed and the order of release made in the matter of the estate of one Harry Coons are attached and made a part of this case-made, but have no application to the case under consideration. The judgment of settlement made by the county court with the guardian in this estate shows that on the 1st day of June, 1906, the guardian was chargeable with $1,152.84, and that he was chargeable on December 19, 1913, with $1,741.83. The bonding company in the court below, according to the record, introduced the report filed in June, 1906, by the guardian and also the order of discharge stated above and rested its case. The court thereupon rendered a judgment against the American Bonding & Trust Company as the surety for $170.12 with interest from the 11th day of September, 1915. To reverse this judgment the company has appealed to this court.

The opinion heretofore rendered in case No. 8160 of the American Bonding & Trust Company v. Arthur Coons, 66 Okla. 34, 166 Pac. 887, is controlling here, and decisive of the issues adverse to the plaintiff in error.

The judgment of the lower court is therefore affirmed.

By the Court: It is so ordered.